## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES A. FARR** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **CSX TRANSPORTATION, INC.** | * | |
| | * | **MAG. DIVISION** |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | | |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, James A. Farr, a person of full age and majority domiciled in the County of Mobile, State of Alabama, who respectfully represents as follows:

1.     This Honorable Court possesses federal question jurisdiction with regard to Plaintiff's claims against his railroad employer Defendant, CSX Transportation, Inc. ["CSXT"], by virtue of 28 U.S.C. § 1331.

2.     Plaintiff's claims versus CSXT arise under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq.*

3.     Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(c) as the Defendant, CSXT, owns, operates, and maintains equipment, rail yards, and mainline railroad tracks in Orleans Parish, resulting in CSXT possessing sufficient minimum contacts in the Eastern District of Louisiana to establish venue in this Court.

4.     Defendant CSXT, with its principal business establishment in Jacksonville, Florida does engage in interstate commerce as a common carrier by railroad and more particularly owns, operates, and maintains equipment and railroad track throughout the Eastern District of

1

Louisiana, State of Louisiana, including in New Orleans, Louisiana, where CSXT operates its Gentilly Railroad Yard, where Plaintiff worked regularly throughout his twenty-seven year career with CSXT.

5.     This cause of action arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries sustained by the Plaintiff while employed by his railroad employer Defendant, CSXT; the injuries sustained in the line of duty occurred while Plaintiff was engaged in CSXT's principal business of transporting freight between the States in interstate commerce.

6.     Defendant, CSXT, is liable unto its employee, the Plaintiff, James A. Farr, for all of the damages he sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

7.     Plaintiff was hired by L&N Railroad who is a predecessor to Defendant CSXT, its predecessors, successors, and/or affiliates in interest, and has worked for Defendant railroad where he has held positions as and/or executed the duties of both a switchman and engineer at the railroad.

8.     At all times pertinent hereto, Plaintiff was an employee of Defendant railroad whose work required him to be exposed to hazardous chemicals on the property of Defendant and others where he was required to work in areas in which he was exposed to and injured by hazardous and carcinogenic chemicals.  Plaintiff was never notified about the substances to which he was exposed by CSXT, nor was he given any warning, protection or safety equipment by CSXT to guard against the hazardous exposures to which CSXT was exposing him.

9.      Defendant CSXT railroad, had entered into agreements with third parties including chemical plants and other railroads to obtain indemnification for its employees who were injured or die because of their exposure on the properties of these third parties while it explicitly and intentionally withheld such information from its employees, including Plaintiff, about the nature and extent of such exposures and the health risks associated with being exposed to these chemicals in the areas where CSXT sent Plaintiff to work regularly and routinely.

10.     At all times pertinent hereto, Defendant knew and specifically possessed medical and scientific data and other knowledge that clearly demonstrated that exposure to the chemical products to which Plaintiff was exposed was hazardous to his health and safety.  The Defendant had specific prior knowledge that there was a high risk of injury or death attributable to exposure to said chemical products, including, but not limited to, the development of lung cancer and asbestosis.  This knowledge was obtained, in part from scientific studies and medical data to which the Defendant had access, possession and knowledge through its management, claims officials, and/or medical department when it had physicians working in house for it who were experienced as industrial chemical exposure specialists.

11.     As a direct result of his exposure to hazardous chemicals, dust, fumes and other products, without any lack of due care on his part, Plaintiff contracted lung cancer and/or other chronic diseases related to such exposures.

12.     Plaintiff was totally unaware of the cause of his latent and deteriorating medical condition until diagnosed as suffering from lung cancer on or about February 2, 2009.

13.     The injuries sustained by Plaintiff and the resulting damages came as a result, in whole or in part, of the negligence of Defendant CSXT, its officers, employees and agents, and in

violation of the FELA, 45 U.S.C. § 51 et seq.  Defendant, by and through its duly authorized

agents, breached this duty to Plaintiff by:

A.  Failing to furnish and maintain a reasonably safe place to work when Plaintiff was required to go on the property of Defendant and others where he was exposed to hazardous and carcinogenic chemicals without proper protective equipment.

B.  Failing to inspect for, determine and/or monitor levels of hazardous and carcinogenic chemicals at its facilities or at the facilities of third parties.

C.  Failing to inform and warn Plaintiff of dangers associated with exposure to hazardous and carcinogenic chemicals.

D.  Failing to warn Plaintiff of the true nature and hazardous effects of the dust, fumes, and other products he was inhaling while on duty for it.

E.  Commencing and continuation of operations which were under its control and supervision when it knew, or should have known that such operations would cause Plaintiff to be exposed to hazardous and carcinogenic chemical products without reasonably safe protection.

F.  Concealing the hazardous nature of chemical products from Plaintiff.

G.  Failing to provide Plaintiff with safe and proper ventilation systems in the railroad facilities and locomotive engines he was required to operate.

H.  Allowing unsafe practices to become standard practice.

I.  Failing to periodically inspect its locomotives, boilers and their appurtenances in order to ascertain any contamination by toxic and/or other harmful materials.

J.  Failing to limit access to areas where these harmful materials were being used.

K.  Failing to institute and/or enforce safety procedures and plans for adequate protection of Plaintiff.

L.  Failing to provide Plaintiff with medical and scientific information as to the true nature of the hazards associated with exposure to the chemicals to which he was caused and/or allowed to be exposed.

M. Failing to initiate and maintain any type of medical monitoring program for the benefit of Plaintiff in determining his well being after the aforesaid exposures and for the purpose of early detection of cancer and other life threatening illnesses.

N.  In all other ways which may be shown upon the trial of this matter.

4

14.    As a result, in whole or in part, of the foregoing negligence of Defendant CSXT and its agents, in violation of the FELA, Plaintiff, James A. Farr, suffered personal injury, great pain, extreme anxiety, and he truly knows his injuries and disability are permanent and life threatening, his enjoyment of life has been terminated, and his anticipated life expectancy has been greatly diminished.

15.    As a direct and proximate result of the negligence of Defendant, Plaintiff has been forced to incur medical expenses for doctors, hospitals, drugs and health care services and he will be forced to incur additional expenses in the future in an effort to treat his debilitating and potentially fatal disease.

16.    As a result of his illness, Plaintiff has suffered a permanent disability for which he demands all damages reasonable in the premises and all relief as may be deemed proper. Plaintiff also has and is experiencing great mental anguish, all as a result of the negligence of Defendant.  Furthermore, Plaintiff has suffered a diminished ability to render services, society, affection, counseling and support to his household.

17.    Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A.  Physical Pain and Suffering, Past and Future;

    B.  Mental Pain and Suffering, Past and Future;

    C.  Permanent Disability;

    D.  Loss of Enjoyment of Life;

    E.  Unpaid Past and Future Medical Expenses;

18.    Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

5

19.    Plaintiff is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff, James A. Farr, prays that Defendant, CSXT, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, James A. Farr, and against the Defendant, CSXT, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Date:  December 29, 2011

Respectfully Submitted,
**DAVIS • SAUNDERS, PLC**


BY:    */s/ Carisa German-Oden*
         **CARISA GERMAN-ODEN #31463**
         coden@davissaunders.com
         **BENJAMIN B. SAUNDERS #11733**
         bensaunders@davissaunders.com
         **JOSEPH M. MILLER #30636**
         jmiller@davissaunders.com
         400 Mariners Plaza Drive, Suite 401
         Mandeville, Louisiana  70448
         Telephone: (985) 612-3070
         Facsimile:  (985) 612-3072
         **Attorneys for James A. Farr**